## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPALINK, CORP., a Delaware Corporation, and PENG ZHANG | |
| | Case No.: |
| Plaintiffs, | |
| | STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION  FOR PRELIMINARY INJUNCTION POSTPONING EFFECTIVENESS OF DENIAL |
| - against- | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendant. | |

## INTRODUCTION

This is an action against the United States Citizenship and Immigration Services to hold unlawful and set aside a decision of the agency denying Plaintiff Tripalink Corp.'s petition to classify Peng Zhang as a specialty occupation worker and so find Mr. Zhang ineligible to change his nonimmigrant status. The Plaintiffs have moved the

Court to postpone the effectiveness of these denials while this action is

pending.

## REQUIREMENTS FOR POSTPONEMENT OF THE
## EFFECTIVENESS OF AN AGENCY DECISION

5 U.S.C. § 705 provides that:

> On such conditions as may be required and to the extent
> necessary to prevent irreparable injury, the reviewing court,
> including the court to which a case may be taken on appeal from
> or on application for certiorari or other writ to a reviewing court,
> may issue all necessary and appropriate process to postpone the
> effective date of an agency action or to preserve status or rights
> pending conclusion of the review proceedings.


It is not clear what the appropriate legal standard is for granting

such a postponement. On its face, the statute seems to require only a

showing that postponement is necessary to prevent irreparable harm.

Some, but not all, courts have held the standard for the grant of such a

postponement is the same as  for  a preliminary injunction. *Compare*

*Valona v. United States*, 165 F.3d 508, 511 (7th Cir.1998) (showing of

irreparable harm sufficient to have administrative order postponed)

with  *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812

F.2d 288 (6th Cir.1987) (requiring the same standards to postpone an

administrative decision as for a preliminary injunction). Even assuming

however, that the standard for postponement is identical to that of

seeking a preliminary injunction, which would render it superfluous,

the plaintiffs more than satisfy this requirement.

In determining whether a movant should be issued a preliminary

injunction "the moving party (must have) shown either (1) a

combination of  probable success on the merits and the possibility of

irreparable harm, or  that serious questions are raised and the balance

of hardships tips sharply in  the moving party's favor." *Rodeo Collection,*

*Ltd. v. West Seventh*, 812 F.2d 1215, 1217 (9th Cir. 1987). The test is a

'continuum in which the required showing of harm varies inversely with

the required showing of meritoriousness.' *Id.* (quoting *San Diego Comm.*

*Against Registration and the Draft v. Governing Bd. of Grossmont*

*Union High Sch. Dist.*, 790 F.2d 1471, 1473 n.3 (9th Cir. 1986)). To

overcome a weak showing of meritoriousness, a plaintiff seeking a

preliminary injunction must make a very strong showing  that the

balance of hardships is in his favor. *Rodeo Collection*, 812 F.2d at

1217." *Ortega-Peraza v.* Ilchert, No. C-92-4972 MHP, 1993 U.S. Dist.

LEXIS 2195, at *2-3 (N.D. Cal. Feb. 26, 1993). Inasmuch as the

plaintiffs are highly likely to prevail on the merits of their complaint and make a very strong showing that the balance of hardships tip in their favor, this motion should be granted.

### BRIEF STATEMENT OF RELEVANT FACTS

Tripalink, Corp. (Tripalink) is a Los Angeles, California based startup company focusing on building co-living communities for millennials, especially for college students, international students, and early-career professionals. Since its establishment in 2016, this company started from Southern California and has expanded to serve more than 6,000 customers in seven major U.S. cities. Tripalink's letter of May 27, 2022, Exhibit A at 44.

On June 6, 2022, Tripalink filed a Form I-129, Petition for a Nonimmigrant Worker, with U.S. Citizenship and Immigration Services (USCIS), seeking to classify Peng Zhang as a temporary worker in a specialty occupation (H-1B) under 8 U.S.C. § 1101(a)(15)(H)(i)(B). Decision, Exhibit A at 1.

On November 10, 2022, following the agency's issuance of a Request for Evidence and receipt of a response, the USCIS denied Tripalink's petition because "[y]ou ("Tripalink") have not provided an

LCA which is certified for the specialty occupation in which the

beneficiary will be employed, as required by 8 CFR 214.2(h)(4)(i)."

Exhibit A at 5.

## ARGUMENT

**BECAUSE TRIPALINK DID PROVIDE USCIS WITH AN LCA WHICH WAS CERTIFIED FOR THE SPECIALTY OCCUPATION IN WHICH MR. ZHANG WILL BE EMPLOYED, PLAINITFFS ARE HIGHLY LIKELY TO PREVAIL ON THE MERITS OF THEIR COMPLAINT**

5 U.S.C. § 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> **(1)** compel agency action unlawfully withheld or unreasonably delayed; and
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law

As noted, the USCIS denied this petition because "you have not

provided an LCA which is certified for the specialty occupation in which

the beneficiary will be employed". *Id.*. The record shows that this is

simply untrue. It is undisputed that the "specialty occupation" in which

the beneficiary will be employed is "Architectural Designer". *See* Tripalink's letter of May 22, 2022, stating that "[t]his letter is respectfully submitted in support of the H-1B petition to classify Mr. Peng Zhang … as an H-1 B nonimmigrant worker on a full-time basis performing a specialty occupation as a Architectural Designer." Exhibit A at 44. The Decision agrees that "[y]ou indicate that the beneficiary will be employed as an Architectural Designer". Exhibit A at 3.

In fact, the LCA submitted by Tripalink in support of the petition *is* for an "Architectural Designer". Form ETA 9035, box B-1, Exhibit A at 37. Therefore the Decision is arbitrary and capricious because it runs (directly) counter to the evidence before the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Further, inasmuch as it entirely ignores the fact that the Labor Condition Application was actually issued for the specialty occupation in which Tripalink sought to employ Mr. Zhang, it is arbitrary for that reason as well. *See, e.g., Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018) ("[A]n agency cannot ignore evidence contradicting its position." (quoting *Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)). Accord, *Stellar IT Sols., Inc. v. United States*

*Citizenship & Immigration Servs.*, Civil Action No. 18-2015 (RC), 2018 U.S. Dist. LEXIS 196284, at *23 (D.D.C. Nov. 19, 2018)

Nevertheless, the Decision asserts that "in consideration of the duties of the offered position and the 'Designers, All Other' occupational classification in the U.S. Department of Labor's O*NET, the record does not establish that the LCA properly corresponds with the offered position described in the petition or that the LCA is certified for the position in which the beneficiary will be employed as required by 20 CFR 655.705(b) and *Matter of Simeio Solutions*." Exhibit A at 5.

But nowhere did Tripalink, or even the Decision, assert that "Designers, All Others" was the *specialty occupation* in which Tripalink wished to employ Mr. Zhang. True, in completing the Form ETA 9035 Tripalink was required to designate a "SOC (ONET/OES) occupation title" in which the job offered might fall, and it did designate "Designers, All Other". But nowhere did it indicate that this was the "specialty occupation" in which it was offering Mr. Zhang employment, and nowhere did the Decision claim that it did.

In fact, "Designers, All Others" isn't a specialty occupation at all. Rather, it is an **occupational classification** within the Standard

Occupational Classification system established by the Bureau of Labor Statistics. See 2018 Standard Occupational Classification System https://www.bls.gov/soc/2018/major_groups.htm#17-0000 (Accessed May 8, 2023). But an "occupation classification" is not a "specialty occupation". "The term "specialty occupation" means an occupation that requires--

> **(A)** theoretical and practical application of a body of highly specialized knowledge, and
> **(B)** attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 U.S.C. § 1184(i).

This cannot possibly refer to "occupational classifications" within the Standard Occupation Classification[1] because many, in fact most[2], absolutely do not require attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States to perform. *See, e.g.* the following occupational classifications appearing in the S.O.C.:

---

[1] Or its online counterpart, O*Net.

[2] As the Court can confirm for itself, the vast majority of occupational classifications are for jobs that do not require degrees and therefore do not qualify as specialty occupations. See, generally, 2018 Standard Occupational Classification System https://www.bls.gov/soc/2018/major_groups.htm (Accessed May 6, 2023).

37-2000  Building Cleaning and Pest Control Workers

37-2010  Building Cleaning Workers

37-2011  Janitors and Cleaners, Except Maids and Housekeeping Cleaners

37-2012  Maids and Housekeeping Cleaners

37-2019  Building Cleaning Workers, All Other

37-2020  Pest Control Workers

37-2021  Pest Control Workers

37-3000  Grounds Maintenance Workers

37-3010  Grounds Maintenance Workers

37-3011  Landscaping and Groundskeeping Workers

37-3012  Pesticide Handlers, Sprayers, and Applicators, Vegetation

37-3013  Tree Trimmers and Pruners

37-3019  Grounds Maintenance Workers, All Other

https://www.bls.gov/soc/2018/major_groups.htm#37-0000 (Accessed May 8, 2023)

Therefore "occupational classification" does not and cannot mean "specialty occupation" and whether or not Tripalink obtained an LCA for a particular "occupational classification" is simply irrelevant. Agencies must … avoid decisions based on irrelevancies. *Salameda v. INS*, 70 F.3d 447, 451 (7th Cir.1995), *Young China Daily v. Chappell*,

742 F. Supp. 552, 554 (N.D. Cal. 1989), *Cty. of L.A. v. Leavitt*, 521 F.3d 1073, 1087 (9th Cir. 2008) (Reinhardt, C.J., dissenting).

Accordingly, plaintiffs are highly likely to prevail in this matter because there are at least three independent reasons for finding the agency's decision that it failed to provide an LCA in the specialty occupation offered Mr. Zhang arbitrary and capricious – first because it runs counter to the evidence before the agency, which shows that an LCA was in fact provided in the specialty occupation,  second, it entirely failed to even consider this fact, and third because it relied primarily upon the irrelevant fact that it did not provide a labor condition in an SOC occupational classification, inasmuch as an occupational classification is *not* a specialty occupation.

But even if the plaintiffs weren't "highly likely" to prevail, they are entitled to an injunction anyway because they have raised serious questions and the balance of hardships tips sharply in their favor

## II. THE BALANCE OF HARDSHIPS TIP VERY STRONGLY IN FAVOR OF PLAINTIFFS

The USCIS's Decision held that:

> The portion of the petition requesting a change of status for the beneficiary is also denied because the nonimmigrant visa petition filed on the beneficiary's behalf is denied.

> This decision may leave the beneficiary without lawful immigration status. If the beneficiary is present in the United States in violation of the law, they are required to depart immediately. Remaining in the United States without a lawful status after the date of this decision may result in the accrual of unlawful presence under section 212(a)(9)(B) of the INA and may adversely affect the beneficiary's ability to return to the United States lawfully in the future.

Exhibit A at 6.

Accordingly, in light of these ominous facts, Mr. Zhang is now out of status, unlawfully present, not even to mention subject to arrest and prolonged detention, and removal from the United States, while these proceedings are pending. 8 U.S.C. § 1227(a)(1)(B). Merely being out of status constitutes irreparable harm as a district court explained in granting religious workers suing for the right to file applications for adjustment of status concurrent with their employers' petitions upon their behalf, the right to remain lawfully in the U.S. while their suit was pending:

> Being out of status for even one day has adverse implications for class members and their families. The most direct and potentially irremediable effects are the reduction in the grace period Congress provided for this class of alien and the increased possibility of detention or deportation for being out of status. If defendants delay the adjudication of employer petitions for immigration visas long enough, class members will have to depart from the United States before they can

> even file an application for adjustment of status. Defendants
> state, without any explanation, that being forced to depart
> from the United States is not an injury. Opposition at 7. The
> Court is hard-pressed to imagine a more traumatic
> and irreparable harm than being uprooted from your job,
> home, and community for an undetermined length of time.
> By maintaining the status of each class member as it
> currently exists, the Court will have the opportunity to
> determine whether defendant's policy against concurrent
> filings is lawful without risking irreparable (and potentially
> unjustified) harm to the class members.

*Ruiz-Diaz v. United States*, No. C07-1881RSL, 2008 U.S. Dist.

LEXIS 79217, at *7-8, 2008 WL 3928016 (W.D. Wash. Aug. 21, 2008).

See also *Stellar IT Sols., Inc. v. United States Citizenship &*

*Immigration Servs.*, Civil Action No. 18-2015 (RC), 2018 U.S. Dist.

LEXIS 196284, at *37 (D.D.C. Nov. 19, 2018) and *Hexacta Inc. v.*

*McAleenan*, No. 2:19-CV-00554-RSM-DWC, 2019 U.S. Dist. LEXIS

68724, at *5-6 (W.D. Wash. Apr. 22, 2019)

What is more, inasmuch as the agency has held that Mr. Zhang is

"present in the United States in violation of the law", *supra*, if he

remains in the country for over 180 days after the Decision, he will be

inadmissible for 3 years the next time he departs the U.S. If Mr. Zhang

remains in this country  a year or more after the Decision, he will be

inadmissible for ten years after he departs. 8 U.S.C. § 1182(a)(9)(B).
Absent a settlement, it is hardly likely that this case will be resolved in
less than  one year, given that the average amount of time from filing to
trial in this district was 25 months in 2022[3]. Thus without a
postponement of the denial, Mr. Zhang faces the unappetizing dilemma
of either abandoning this lawsuit or risking being barred from the U.S.
for 10 years if his case is unsuccessful.

Finally, inasmuch as he cannot change his status once he has
departed the U.S., failure to postpone the effectiveness of the denial will
deprive Mr. Zhang of his statutory right under 8 U.S.C. § 1258 to seek a
change of nonimmigrant status. Loss of an opportunity to seek an
immigration benefit in the U.S. is in itself irreparable harm. *See Vargas
v. Meese*, 682 F. Supp. 591, 595 (D.D.C. 1987) ("The Court holds that
plaintiffs have shown that without an injunction, they will be
irreparably harmed. Under the SAW program, according to the plain
language of the statute, applicants may file for a change of status in the
United States."). In fact, the Supreme Court's seminal decision in *Nken*

---

[3] https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2022/12/31. This does not even take into consideration the not unlikely possibility of the disappointed party appealing.

*v. Holder*, 556 U.S. 418 (2009), strongly suggests that when departing the U.S. would abandon the judicial relief sought, that is in itself irreparable harm:

> The automatic stay prior to IIRIRA reflected a recognition of the irreparable nature of harm from removal before decision on a petition for review, given that the petition abated upon removal. Congress's decision in IIRIRA to allow continued prosecution of a petition after removal eliminated the reason for categorical stays, as reflected in the repeal of the automatic stay in subsection (b)(3)(B). It is accordingly plain that the burden of removal alone cannot constitute the requisite irreparable injury. Aliens who are removed may continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.

*Nken*, 556 U.S. at 435.

By contrast, by departing from the U.S. while this action is pending, as Mr. Zhang will be virtually compelled to do without a postponement of the effectiveness of the decision, he will entirely abandon and moot the relief he seeks in this suit.

Accordingly, Mr. Zhang will suffer irreparable harm if the effectiveness of the denial of his change of status is not postponed.

## III. ANY HARM TO THE GOVERNMENT IN GRANTING THIS INJUNCTION WILL BE MINIMAL

Postponing the effectiveness of the denial requires the government to literally do nothing. Therefore it suffers no harm as a result of the injunction, and so the balance of hardship tips sharply in plaintiffs' favor. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, Civil Action No. 18-2015 (RC), 2018 U.S. Dist. LEXIS 196284, at *37 (D.D.C. Nov. 19, 2018) and *Hexacta Inc. v. McAleenan*, No. 2:19-CV-00554-RSM-DWC, 2019 U.S. Dist. LEXIS 68724, at *5-6 (W.D. Wash. Apr. 22, 2019).

## CONCLUSION

This Court should postpone the effectiveness of the denial of the Mr. Zhang's change of status while this action is pending.

Respectfully Submitted this 15th day of May, 2023

/s/ *Michael E. Piston*

Michael E. Piston
Lead Counsel for the Plaintiffs (Pro Hac Vice motion to be filed)
Immigration Law Office of Los Angeles, P.C.
New York Office
38-08 Union St., Suite 9A
Flushing, NY 11354
(646) 876-3772

Fx: 206-770-6350
michael@immigrationhelpla.com


/s/ Arthur Minas
Arthur Minas
Local Counsel for the Plaintiffs
3415 S. Sepulveda Blvd, Suite 570
Los Angeles, CA 90034
Phone: (310) 308-7485
Fax: (800) 628-5605
arthur@immigrationhelpla.com